IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEIDRA L. SUTTON, | § | |
|     *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CAUSE NO. 4:17-cv-3768 |
| | § | |
| | § | |
| THE UNIVERSITY OF HOUSTON | § | |
| PROCUREMENT TECHNICAL | § | |
| ASSISTANCE CENTER, | § | JURY DEMANDED |
|     *Defendant.* | | |

_____

**PLAINTIFF'S ORIGINAL COMPLAINT**
_____

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

    **NOW COMES**, Plaintiff, Deidra L. Sutton, complaining of and about the University of Houston Procurement Technical Assistance Center and for cause of action files this her Plaintiff's Original Complaint, showing to the Court as follows:

**I.
PARTIES AND SERVICE**

    1.    Plaintiff, Deidra L. Sutton, is a citizen of the United States and the State of Texas and currently resides in Missouri City, Fort Bend County, Texas. Plaintiff is a former employee of Defendant.

    2.    Defendant, the University of Houston Procurement Technical Assistance Center ("UH PTAC") is a specialty program of the University of Houston Small Business Development Center ("UH SBDC"), which is governed by the University of Houston System, a state-funded

university in the State of Texas. Defendant may be served with process by serving Texas Attorney General, Ken Paxton, at the Office of the Attorney General, P.O. Box 12548 Austin, TX 78711.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's cause of action as this case presents a federal question pursuant to Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e-2(a). Moreover, venue is proper is in this District as this is the District in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

## III.
## NATURE OF ACTION

4. This is an action brought by Plaintiff against Defendant pursuant to Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e-2(a) on the ground that Plaintiff was discriminated against because of her race (African-American/Black) when in October 2015 Plaintiff was not selected for the PTAC Director position.

## IV.
## CONDITIONS PRECEDENT

5. Plaintiff exhausted her administrative remedies by filing a charge of race discrimination with the U.S. Equal Employment Opportunity Commission (Charge No. 460-2016-02575) on April 26, 2016. On September 18, 2017, the EEOC issued Plaintiff her Notice of Right Sue. Plaintiff now files this lawsuit within ninety (90) days of receiving her Notice of Right to Sue.

## V.
## FACTS

6. Plaintiff Deidra Sutton first applied for the PTAC Director position with UH PTAC

*Plaintiff's Original Complaint*  2

in late 2006. PTAC is a diversity program/grant-funded program (funded by the DOD as a line item on the DLA budget) and is also part of UH SBDC network (a diversity program funded by SBA).

7.  In February 2007, Ms. Jacqueline Taylor, Executive Director, notified Ms. Sutton that the Director position was being awarded to Ms. Carey White, the former PTAC Director, but that Ms. Sutton could apply to a counselor position.

8.  Ms. Sutton applied for the Business Advisor position with PTAC and was selected for the position in February 2007. Ms. Sutton began her career with PTAC, received outstanding performance awards and recognitions, and successfully established PTAC into the community through her contacts.

9.  In 2015, Ms. White announced her retirement from PTAC and the Director position became available again. Ms. Sutton applied for the PTAC Director position in October 2015 (this was her second time applying for the position). Ms. Sutton was qualified for the Director position.

10. Ms. Sutton was selected for an interview for the Director position and was interviewed by an all-White panel consisting of Ms. Jacqueline Taylor (Deputy Director/Network Strategic Operation), Gina Mattei (Assistant Regional Director Training) Roberta Skebo (Deputy Director/Network Advising Operation), and Susan Rhodes (Deputy Director/SBDC Network Administration).

11. Ms. Sutton was not selected for the PTAC Director position. Instead, Mr. Tim Scarborough was selected for the PTAC Director position. Mr. Scarborough is Caucasian.

12. Mr. Scarborough had been employed at PTAC for two years when he applied for the Director position. Ms. Sutton had previously met Mr. Scarborough at a presentation she gave

in 2013 at the American Express Small Business conference. Mr. Scarborough approached Ms. Sutton at that point inquiring about job opportunities at PTAC. Ms. Sutton provided him with guidance, but there were no openings at PTAC at the time.

13. When an opening became available at PTAC, Mr. Scarborough applied and worked under Ms. Sutton's supervision. Ms. Sutton trained Mr. Scarborough when he began working at PTAC.

14. Ms. Sutton was significantly better qualified than Mr. Scarborough. The position required at least seven years of directly relevant experience. Ms. Sutton met this requirement, while Mr. Scarborough only had two years of small business advising experience.

15. On October 26, 2015, Ms. Sutton complained of race discrimination to Human Resources. Ms. Sutton made it clear that PTAC was a diversity program and that there was no diversity within PTAC. There in only one African-American Director out of the seventeen PTAC centers administered by SBDC.

16. On October 27, 2015, Ms. Sutton was asked to meet with Ms. Taylor and Ms. Rhodes, at which point she was informed that Mr. Scarborough was selected because he had more budgeting experience.

17. However, Ms. Rhodes does all the accounting for SBDC as the Comptroller, and the Director has minimal budgeting responsibility. Furthermore, Mr. Scarborough ended up requiring training in budgeting once he began his position as the PTAC Director. Ms. Sutton could have received the same budgeting training, if necessary.

18. Later, Ms. Sutton was told that Mr. Scarborough was selected because he was a veteran.

19. In November 2015, Mr. Scarborough implemented a new slogan for PTAC: the 3 R's, which stood for Register, Research, and Respond. This slogan was previously developed by Ms. Sutton, Mr. Bob Warren, Ms. Kandice Mott, Mr. Bob Hall, and Ms. Carey White. However, Mr. Scarborough took full credit.

20. Thereafter, in December 2015, Mr. Scarborough decided that PTAC, which traditionally performed specialized procurement services would no longer have specialists. Instead, PTAC employees would now have to cross-train in other areas and provide full services to clients.

21. Beginning in January 2016, Mr. Scarborough began making condescending remarks directed to Ms. Sutton. At one point in February 2016, Mr. Scarborough told Ms. Sutton during a meeting that she was a "disgrace to her clients." Another employee, Mr. Rex Steele, later met with Mr. Scarborough and told him that he could not treat Ms. Sutton this way.

22. Mr. Scarborough ended up emailing his team apologizing for his behavior towards Ms. Sutton.

23. On February 19, 2016, during the Regional Staff meeting, Mr. Mike Young (Executive Director) announced that Mr. Scarborough was implementing a Veteran Initiative for PTAC.

24. In March 2016, Ms. Sutton was informed that the performance evaluations rating scale would be changing to follow the University's rating scale.

25. Ms. Sutton received an email stating that a 3.5 would be considered "good" and that no one could get a 5. A rating between a 3.5 to a 3.79 is achieving expectations. A rating between a 3.8 to a 4.79 is exceeds expectations.

26. Ms. Sutton received a rating higher than a 3.5 in her performance evaluation, but then it was changed to lower than a 3.5 the day she had to sign, because Mr. Young had said no one could get a 3.5 or more, which was contrary to the email Ms. Sutton had previously received.

27. Ms. Sutton's rating of a 3.5 in her March 2016 evaluation impacted her future raises, promotions, and performance recognitions and awards.

28. In April 2016, Ms. Sutton filed a grievance with Dean Rashand, the Dean of the School of Business, complaining about race discrimination as a result of Ms. Sutton's non-selection and Mr. Scarborough's treatment towards her. Dean Rashand responded to Ms. Sutton's grievance with complete silence.

29. In May 2016, Mr. Young announced his retirement and Dean Rashand began the search for the PTAC Executive Director position. The new Executive Director began in September 2016.

30. In January 2017, management increased performance goals and added two more tasks to the performance evaluation. Additionally, management lowered the rating for achieved expectations from a 3.5 to a 3.

31. On March 1, 2017, Ms. Sutton received a negative performance evaluation with a rating of a 1. Ms. Sutton complained to HR and her score was changed to a 2, still lower than achieving expectations.

32. In April 2017, Ms. Sutton requested a transfer to another position to no avail. Ultimately, Ms. Sutton had no other option but to resign from her employment with PTAC on September 1, 2017.

## VI.
## RACE DISCRIMINATION PURSUANT TO
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-2(a)

33. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

34. Defendant, UH PTAC, intentionally engaged in unlawful employment practices involving Plaintiff because of her race (African-American/Black).

35. Defendant, UH PTAC, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's race (African-American/Black) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## VII.
## DAMAGES

32. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. Back pay from the date of her initial failure to promote to present, with interest;

    b. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    c. All reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiff;

    d. All reasonable and necessary costs incurred in pursuit of this suit;

    e.    Emotional pain;

    f.    Pre- and post-judgment interest;

    g.    Mental anguish in the past;

    h.    Mental anguish in the future; and

    i.    Medical and other benefit expenses incurred due to the loss of benefits.

## VIII.
## JURY DEMAND

33.    Plaintiff demands a trial by jury and has tendered the appropriate fee with her Original Complaint.

## IX.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Deidra L. Sutton, respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District I.D. 713316
2603 Augusta Dr., 14th Floor
Houston, Texas 77057
Main: (713) 742-0900
Fax: (713) 742-0951
alfonso.kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**



/s/ *Jose E. Galvan*
José E. Galvan
Texas Bar No. 24083039
S.D. ID. 2200705
2603 Augusta Dr., 14th Floor
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
jose.galvan@kennardlaw.com

**OF COUNSEL FOR PLAINTIFF**

*Plaintiff's Original Complaint*     9